**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF ARKANSAS**
**PINE BLUFF DIVISION**

BUCKIE A. MILLS
ADC #105605 PETITIONER

VS. 5:09CV00112 JLH/JTR

LARRY NORRIS, Director,
Arkansas Department of Corrections RESPONDENT

**<u>PROPOSED FINDINGS AND RECOMMENDED DISPOSITION</u>**

**<u>INSTRUCTIONS</u>**

The following recommended disposition has been sent to United States District Judge J. Leon Holmes. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new,

different, or additional evidence, and to have a hearing for this purpose before the United States District Judge, you must, at the same time that you file your written objections, include a "Statement of Necessity" that sets forth the following:

1.  Why the record made before the Magistrate Judge is inadequate.

2.  Why the evidence to be proffered at the requested hearing before the United States District Judge was not offered at the hearing before the Magistrate Judge.

3.  An offer of proof setting forth the details of any testimony or other evidence (including copies of any documents) desired to be introduced at the requested hearing before the United States District Judge.

From this submission, the United States District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite 402
Little Rock, AR 72201-3325

## I. Background

Pending before the Court is a § 2254 Petition for a Writ of Habeas Corpus filed by Petitioner, Buckie Mills ("Mills"). (Docket entry #2). Respondent has filed a Response (docket entry #9), to which Mills has filed a Reply. (Docket entry #10).

Thus the issues are joined and ready for disposition.

Before addressing Mills' claims, the Court will review the relevant procedural history of the case. On October 25, 2001, Mills was convicted on charges of kidnapping and rape following a jury trial in Sebastian County Circuit Court. *State v. Mills*, Seb. Co. Cir. No. CR-2000-399. (Docket entry #9-3). He was sentenced to thirty years in the ADC on the kidnapping charge and life in prison on the rape charge. *Id.* On January 23, 2003, the Arkansas Supreme Court affirmed the sentence and conviction. (Docket entry #9-4).

On May 15, 2003, Mills filed a Rule 37 Petition in Sebastian County Circuit Court challenging his conviction. (Docket entry #9- 5). On May 16, 2003, the trial court denied the Petition on the ground that it was untimely. *Id.* On March 27, 2008, Mills filed a petition for a writ of habeas corpus in the Circuit Court of Lee County. (Docket entry #9-6) The petition was denied on December 19, 2008. *Id*.

On April 16, 2009, Mills initiated this § 2254 action. (Docket entry #2). He argues that: (1) insufficient evidence supported his conviction; (2) he received ineffective assistance of counsel at his trial; (3) the prosecution violated his Fifth Amendment right against self-incrimination; (4) the prosecution committed various due process violations; and (5) the trial court made a number of evidentiary and other errors. (Docket entry #2).

Respondent argues that: (1) Mills filed this habeas action after the expiration of the statute of limitations; and (2) the claims asserted in the Petition are not cognizable in a § 2254 action and are procedurally defaulted because they were not properly raised in state court. (Docket entry #9).

For the reasons discussed below, the Court concludes that Mills' claims are barred by the applicable statute of limitations. Thus, the Court recommends that the Petition be denied, and that the case be dismissed, with prejudice.

## II. Discussion

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), provides that a federal habeas petition must be filed within one year of the date on which the state "judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Where certiorari from the United States Supreme Court is not sought, the running of the statute of limitations, for purposes of § 2244(d)(1)(A), "is triggered. . .by the conclusion of all direct criminal appeals in the system followed by the expiration of the time allotted for filing a petition for the writ [of certiorari]." *Smith v. Bowersox*, 159 F.3d 345, 348 (8th Cir. 1998), *cert. denied,* 525 U.S. 1187 (1999).

Mills' direct appeal of his criminal conviction became final on January 23,

2003, the date the Arkansas Supreme Court issued its opinion.[1] (Docket entry #9-4). The Court filed its mandate on February 12, 2003. (Docket entry #9-5). Because he did not file a Petition for a Writ of Certiorari with the United States Supreme Court, Mills' conviction became "final" on April 23, 2003, the date the time for seeking certiorari expired. Therefore, Mills had one year, until April 23, 2004, to file this federal habeas action.

Mills initiated this action on April 16, 2009, almost five years *after* the expiration of the one-year limitations period. Accordingly, the federal habeas Petition was not timely filed under § 2244(d)(1).

AEDPA goes on to provide that the one-year limitations period may be tolled if a "properly filed" application for post-conviction relief is pending in state court. 28 U.S.C. § 2244(d)(2). The statutory tolling period begins when a petition for post-conviction relief is filed in the trial court and runs, in one continuous block of time, until the highest state appellate court enters a decision on appeal. *Carey v. Saffold*, 536 U.S. 214, 219-221 (2002).

Mills filed his Rule 37 Petition on May 15, 2003, thirty two days *after* the

---

[1]Although the mandate from the Arkansas Supreme Court did not issue until February 12, 2003 (*see* Ark. R. Sup. Ct. 5-3(a)), "[t]he time to file a petition for a writ of certiorari runs from the date of entry of judgment or order sought to be reviewed, and *not* from the issuance date of the mandate (or its equivalent under local practice." U.S. Sup. Ct. R. 13.3 (emphasis added.)

expiration of the sixty day period for seeking such post-conviction relief.[2] (Docket entry #9-5). Where a state post-conviction motion is untimely filed, it has no statutory tolling effect. *See Jackson v. Dormire*, 180 F.3d 919, 920 (8th Cir.1999)(pendency of state postconviction proceeding cannot have a tolling effect if it was filed after the expiration of the limitations period). Thus, Petitioner cannot avail himself of statutory tolling in this case.

Finally, because 28 U.S.C. § 2244(d) is a statute of limitations, rather than a jurisdictional bar, equitable tolling may be applicable. *Moore v. United States,* 173 F.3d 1131, 1134 (8th Cir. 1999). Under the doctrine of equitable tolling, the AEDPA's limitations period may be tolled if a habeas petition can show that: (1) he has been diligently pursuing his rights; and (2) an extraordinary circumstance stood in his way. *White v. Dingle*, 616 F.3d 844, 847-48 (8th Cir. 2010). "Equitable tolling is a flexible procedure that involves both recognition of the role of precedent and an 'awareness of the fact that specific circumstances, often hard to predict in advance, could warrant special treatment in an appropriate case.'" *Id.* (*quoting Holland v. Florida*, 130 S.Ct. 2549, 2562 (2010)).

---

[2] Rule 37 mandates that "if an appeal was taken of the judgment of conviction, a petition claiming relief under [Rule 37] must be filed in the circuit court within sixty (60) days of the date the *mandate* was issued by the appellate court." Ark. R. Crim. P. 37.2 (emphasis added).

In explaining why he did not file this habeas action sooner, Mills argues that he is sedated by mental health medications and has no knowledge of the of the law. (Docket entry #10).  After carefully reviewing the circumstances of Petitioner's case, the Court concludes that Petitioner has not met his burden of establishing equitable tolling. The Eighth Circuit has held that a *pro se* prisoner's lack of legal knowledge or legal resources, or his misunderstanding of pertinent rules, statutes, and time periods, does not warrant equitable tolling.  *See Shoemate v. Norris*, 390 F.3d 595, 598 (8th Cir. 2004).  Furthermore, Petitioner's conclusory allegations of mental incapacity are belied by his ability to pursue this federal habeas action.  In his habeas Petition and Reply, Mills has made coherent and well articulated claims and arguments.  Nothing about those pleadings suggest any diminished capacity or other adverse effects from mental health medications.  Thus, Mills has failed to establish the kind of "extraordinary circumstances" which might make equitable tolling applicable in this case.

Finally, Mills has not come forward with any new relevant facts to establish "actual innocence" for purposes of tolling.  *See Flanders v. Graves*, 299 F.3d 974, 977-78 (8th Cir. 2002), *cert. denied*, 537 U.S. 1236 (2003)(actual innocence may be relevant to equitable tolling where a petitioner shows some action or inaction on respondent's part that prevented him from discovering the relevant facts establishing

innocence in a timely fashion or, at the very least, that a reasonably diligent petitioner could not have discovered the facts in time to file a petition within the period of limitations). Accordingly, equitable tolling does not apply in this case.

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT, the Petition for a Writ of Habeas Corpus (docket entry #2) be DENIED, and this case be DISMISSED, WITH PREJUDICE.

Dated this <u>6th</u> day of January, 2011.

_____
UNITED STATES MAGISTRATE JUDGE